Peter Strojnik
7847 North Central Ave.
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter Strojnik,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Panera Bread Company,<br><br>　　　　　　　Defendant. | Case No.: 1:22CV00682 JLT BAK<br><br>**Verified Complaint For Violations**<br><br>**Of:**<br><br>Americans with Disabilities Act<br><br>Unruh Civil Rights Act<br><br>Disabled Persons Act  |

Plaintiff complains and alleges as follows:

**Parties**

1. Plaintiff is disabled senior citizen.

2. Plaintiff suffers from physical impairments including a missing right knee, spinal stenosis, long Covid 19 pulmonary embolism, pleurisy, arthritis and cancer. The effects of the missing right knee, spinal stenosis and pulmonary embolism have been mitigated with a prosthetic knee, nerve blocking and medications, respectively. The mitigation of pulmonary embolism has resulted in amelioration of breathing activity, but still is substantially limiting as compared to most people in the general population. The mitigation of the missing knee has resulted in secondary impairments of limited flexion and tibio-femoral rotation in the right knee. The effects of spinal stenosis and pleurisy are episodic, but arthritis remains constant and progressive.

3. A determination whether episodic or remissive impairments substantially limit major life activities is a disability if it would substantially limit a major life activity when active when active. 42 U.S.C. §1212(4)(D).

1

4. A determination whether an impairment substantially limits major life activities is made without regard to the ameliorative effects of mitigating measures, such as those used by Plaintiff and listed in 42 U.S.C. §12102(4)(E)(i)(I).

5. Plaintiff's impairments and disabilities, individually and in combination, substantially limit major life activities of walking, entering doors, pushing, pulling, climbing stairs, reaching, grabbing, and other musculoskeletal endeavors requiring the use of a knee, spine, shoulders, elbows, hands or lungs.

6. The term "substantially limit" must be interpreted consistent with the findings and purposes of the ADA Amendment Act of 2008, 42 U.S.C. §12102(4)(A)&(B), that is, "[a]n impairment does not need to prevent, or significantly or severely restrict, the individual from performing a major life activity". 28 C.F.R. (d)(1) (v).

7. Plaintiff's impairments identified above are cumulatively defined as "Disability" that require the use of a wheelchair in their unmitigated and/or active state.

8. Defendant owns public accommodations located at 4108 California Ave, Bakersfield CA 93309 ("Store # 601790"), 34180 Monterey Ave. Palm Desert, CA 92211 ("Store # 601771") and 2321 S. 4th Street, El Centro, CA 92243 ("Store #204877") ("Facilities").

9. The Facilities are places of public accommodation.

### Jurisdiction And Venue

10. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, § 1343(a)(3) & (a)(4) and 13607 for violations of the Americans with Disabilities Act and the Unruh Civil Rights Act.

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because the Facilities are located in this district.

### Facts

12. Plaintiff visited Stores # 601790 and # 601771 on March 18, 2022 and Store #204877 on April 26, 2022 to conduct business there. Plaintiff often visits the area where the Facilities are located.

13. Defendant was not compliant with disability access laws in conformance with the ADA and Unruh as they relates to Plaintiff's Disability.

2

14. Store # 601771 was inaccessible because:
    a. The payment counter surface is cluttered with merchandise and equipment[1]. This condition makes Plaintiff's use of the payment counter more difficult for Plaintiff to use. This condition violates accessibility standards at 904.4.1.
    b. The food pickup counter is over 36" high. This condition makes Plaintiff's use of the counter more difficult to use. This condition violated standards at 904.4.1.
    c. The bathroom door requires the push-pull force greater than 5 lbs. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4.2.
15. Store # 601790 was inaccessible for the same reasons as above, to wit:
    a. The payment counter surface is cluttered with merchandise and equipment[2]. This condition makes Plaintiff's use of the payment counter more difficult for Plaintiff to use. This condition violates accessibility standards at 904.4.1.
    b. The food pickup counter is over 36" high. This condition makes Plaintiff's use of the counter more difficult to use. This condition violated standards at 904.4.1.
    c. The bathroom door requires the push-pull force greater than 5 lbs. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4.2.
16. Store #204877 was inaccessible for the same reasons as above, to wit
    a. The payment counter surface is cluttered with merchandise and equipment[3]. This condition makes Plaintiff's use of the payment counter more difficult for Plaintiff to use. This condition violates accessibility standards at 904.4.1.
    b. The food pickup counter is over 36" high. This condition makes Plaintiff's use of the counter more difficult to use. This condition violated standards at 904.4.1.
17. These barriers relate to Plaintiff's Disability and interfere with his full and equal enjoyment of the Facilities because the barriers make it more difficult for Plaintiff to access the goods and services at the Facilities.

---

[1] See U.S. Dept. of Justice, *Maintaining Accessible Features in Retail Establishments* Checklist at 15. https://www.ada.gov/business/retail_access.htm
[2] Id.
[3] Id.

18. The remediation of the barriers identified above is readily achievable.
19. Plaintiff will return to the Facilities to conduct business there only once he has been assured that the Facilities are accessible. Plaintiff is currently deterred from doing so because of the existing barriers.
20. If the barriers are not removed, Plaintiff will face unlawful and discriminatory barriers again.

### Count One – Violation Of The ADA
(42 U.S.C. section 12101, et seq.)

21. Plaintiff incorporates all allegations contained elsewhere in this Verified Complaint.
22. 42 U.S.C. §12182(a) provides that Plaintiff has a legal right to not be discriminated on the basis of his disabilities in the full and equal enjoyment of goods, services, facilities, privileges, advantages and accommodations of any place of public accommodation. 42 U.S.C. §12182 (b)(1)(D)(i) further provides that a public accommodation is prohibited from utilizing standards, criteria or methods of administration that have the effect of discriminating on the basis of Plaintiff's disabilities.
23. 42 U.S.C. § 12182(a) provides that it is an act of discrimination by a person or entity who owns, leases, or operates a public accommodation to fail to provide accessible public accommodations
24. Discrimination is defined, inter alia, as a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii) and/or as a failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.
25. Defendant practices a systemic segregation of the disabled.

### Count Two - Violation Of The Unruh Act
(Cal. Civ. Code § 51-53.)

26. Plaintiff incorporates all allegations contained elsewhere in this Verified Complaint.

27. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b). Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

28. Defendants' Facilities violated the Unruh Act by denying Plaintiff's rights to full and equal use of the Facilities.

29. Defendant's violation of the Unruh Act makes Defendant responsible for statutory civil penalty. (Civ. Code § 55.56(a)-(c).)

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of disability laws; and

b. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with disability laws; and

c. For damages in an amount no less than $4,000.00 per violation per encounter; and

d. Treble damages pursuant to Cal. Civ. Code §3345(b).

e. For costs and expenses and lawyer's fees should Plaintiff hire a lawyer; and

f. The provision of whatever other relief the Court deems just, equitable and appropriate.

### Count Three - Violation Of The Disabled Persons Act
### (Cal. Civ. Code §§54-54.3)

30. Plaintiff realleges all allegations heretofore set forth.

31. Defendants have violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

32. The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

33. Plaintiff has been aggrieved by each Defendant's non-compliance with the DPA.

34. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

35. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of disability laws; and

b. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with disability laws; and

c. For damages in an amount no less than $1,000.00 per violation per encounter; and

d. For costs and expenses and lawyer's fees should Plaintiff hire a lawyer; and

e. The provision of whatever other relief the Court deems just, equitable and appropriate.

### Request For Trial By Jury

Plaintiff requests a trial by a jury.

Plaintiff verifies under the penalty of perjury that the above statements of fact are true and correct to the best of his knowledge, information, memory or belief.

DATED this 3rd day of June, 2022.

/Peter Strojnik