AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

JUN 06 2022

# UNITED STATES DISTRICT COURT
## for the
## Eastern District of California

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA



DEPUTY CLERK

| Peter Strojnik | ) |
|---|---|
| *Plaintiff/Petitioner* | ) |
| v. | ) Civil Action No. |
| Panera Bread Company | ) 1:22CV00682 JLT BAR |
| *Defendant/Respondent* | ) |

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
(Long Form)

**Affidavit in Support of the Application**

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested. I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismissal of my claims.

Signed: _____

**Instructions**

Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Date: 06/03/2022

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly income amount during the past 12 months | | Income amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 0.00 | $ | $ 0.00 | $ |
| Self-employment | $ 0.00 | $ | $ 0.00 | $ |
| Income from real property *(such as rental income)* | $ 0.00 | $ | $ 0.00 | $ |
| Interest and dividends | $ 0.00 | $ | $ 0.00 | $ |
| Gifts | $ 0.00 | $ | $ 0.00 | $ |
| Alimony | $ 0.00 | $ | $ 0.00 | $ |
| Child support | $ 0.00 | $ | $ 0.00 | $ |

RECEIVED
JUN 06 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

| | | | | |
|---|---|---|---|---|
| Retirement *(such as social security, pensions, annuities, insurance)* | $ 1,249.30 | $ | $ 1,249.30 | $ |
| Disability *(such as social security, insurance payments)* | $ 0.00 | $ | $ 0.00 | $ |
| Unemployment payments | $ 0.00 | $ | $ 0.00 | $ |
| Public-assistance *(such as welfare)* | $ 0.00 | $ | $ 0.00 | $ |
| Other *(specify)*: | $ 0.00 | $ | $ 0.00 | $ |
| **Total monthly income:** | $ 1,249.30 | $ 0.00 | $ 1,249.30 | $ 0.00 |

2. List your employment history for the past two years, most recent employer first. *(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| NA | | | $ |
| NA | | | $ |

3. List your spouse's employment history for the past two years, most recent employer first. *(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

4. How much cash do you and your spouse have? $ _____

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| Chase | Checking | $ 38.48 | $ |
| Navy Federal CU | Checking and Savings | $ 10.00 | $ |
| 1st Hawaii Bank | Checking | $ 5.24 | $ |

If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Assets owned by you or your spouse | |
|---|---|
| Home (Value) | $ 0.00 |
| Other real estate (Value) | $ 0.00 |
| Motor vehicle #1 (Value) | $ 0.00 |
| Make and year: | |
| Model: | |
| Registration #: | |
| Motor vehicle #2 (Value) | $ 0.00 |
| Make and year: | |
| Model: | |
| Registration #: | |
| Other assets (Value) | $ 500.00 |
| Other assets (Value) | $ 0.00 |

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| NA | $ | $ |
| | $ | $ |
| | $ | $ |

7. State the persons who rely on you or your spouse for support.

| Name (or, if under 18, initials only) | Relationship | Age |
|---|---|---|
| Tanya C. Strojnik | Former Spouse | 69 |
| | | |
| | | |

AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

|  | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment *(including lot rented for mobile home)*<br>Are real estate taxes included?  ☑ Yes  ☐ No<br>Is property insurance included?  ☑ Yes  ☐ No | $ 7,589.00 | $ |
| Utilities *(electricity, heating fuel, water, sewer, and telephone)* | $ | $ |
| Home maintenance *(repairs and upkeep)* | $ | $ |
| Food | $ | $ |
| Clothing | $ | $ |
| Laundry and dry-cleaning | $ | $ |
| Medical and dental expenses | $ | $ |
| Transportation *(not including motor vehicle payments)* | $ | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ | $ |
| Insurance *(not deducted from wages or included in mortgage payments)* | | |
|     Homeowner's or renter's: | $ | $ |
|     Life: | $ | $ |
|     Health: | $ | $ |
|     Motor vehicle: | $ | $ |
|     Other: | $ | $ |
| Taxes *(not deducted from wages or included in mortgage payments) (specify)*: | $ | $ |
| Installment payments | | |
|     Motor vehicle:   2019 BMW 530e - Lease | $ 811.70 | $ |
|     Credit card *(name)*:   American Express | $ 0.00 | $ |
|     Department store *(name)*:   None | $ 0.00 | $ |
|     Other:   Various - Closed or unable to pay | $ 0.00 | $ |
| Alimony, maintenance, and support paid to others | $ 15,000.00 | $ |

AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

| | | |
|---|---|---|
| Regular expenses for operation of business, profession, or farm *(attach detailed statement)* | $ 0.00 | $ |
| Other *(specify)*: | $ | $ |
| **Total monthly expenses:** | $ ~~23,400.70~~ *15 $11.70* | $ 0.00 |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

   ☐ Yes    ☑ No    If yes, describe on an attached sheet.

10. Have you spent — or will you be spending — any money for expenses or attorney fees in conjunction with this lawsuit?   ☐ Yes   ☑ No

    If yes, how much?   $ _____

11. Provide any other information that will help explain why you cannot pay the costs of these proceedings.

    See attached Plaintiff's Verified Notice of Long Form IFP (Form AO 239) with Explanatory Notes.

12. Identify the city and state of your legal residence.
    Phoenix, Arizona

    Your daytime phone number:    (602) 524-6602

    Your age:  69    Your years of schooling:    19

Peter Strojnik
7847 North Central Ave.
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Peter Strojnik,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>Panera Bread Company<br><br>　　　　　　　　Defendant. | Case No.:<br><br>**Plaintiff's Verified Notice of Submission of Long Form IFP (Form AO 239) with Explanatory Notes** |

Plaintiff has been previously permitted to file a complaint IFP. *See Strojnik v. Ross* (E.D. Cal. 1:22-cv-00533-DAD-BAK) at Dkt. 7.

**Historical Considerations**

1. Plaintiff was married upon return from military service in 1975.
2. Plaintiff finished college, graduated law school and became a lawyer in 1980.
3. In 1987 Plaintiff and Mrs. Strojnik agreed that all their income irrespective of who actually earns it, would be divided 50-50 irrespective of their marital status, until death. Maricopa County Recorder at 87-73116.
4. In 1989 Plaintiff and Mrs. Strojnik agreed that any property taken in either of their names would be separate property of such spouse. Maricopa County Recorder at 89-194443.
5. On December 16, 2013, Plaintiff and Mrs. Strojnik divorced. The Marital Settlement Agreement divided the community property and required Plaintiff to pay $20,000 per month for spousal maintenance for life. The MSA contained a "Respect, Cooperation and Assistance" covenant which provided that Plaintiff may rent room and board from Mrs. Strojnik. The room and board price was calculated on fair market value of

same at $7,589 per month. For this reason, the room and board in Section 8 of the IFP is one amount that includes all subcategories.

6. Plaintiff's spousal maintenance obligations were secured by a first position UCC-1 recorded with Arizona's Secretary of State.

7. Plaintiff made regular payments to Mrs. Strojnik. In or about 2016, however, Plaintiff decided to commence providing pro bono services to one of three competing categories: Immigration (Plaintiff is an immigrant), Veterans Affairs (Plaintiff is a veteran), or Disability (Plaintiff is disabled).

8. Plaintiff chose disability because the pro bono immigration and veterans affairs fields were saturated.

9. In the 2016-2017 period, Plaintiff represented disabled clients and donated all his fees to a 501(c)(3) organization for the disabled.

10. Offending public accommodations, however, along with Arizona's AG Brnovich, got together at the East Mesa Chamber of Commerce where they decided on a strategy of filing bar complaints against Plaintiff.

11. Ultimately, Plaintiff won and authored an op-ed piece that ran in the Arizona Republic:



12. All hell broke loose.
13. As a result of what Plaintiff considered Brnovich's and State Bar's dysfunctional view of civil rights, and the onset of various cancers, Plaintiff resigned from the State Bar and ultimately agreed to consensual disbarment.

**Plaintiff's Current Financial Status**

14. Plaintiff's financial condition deteriorated precipitously. Plaintiff was unable to meet his spousal maintenance, room and board and tax obligations.
15. On March 11, 2021, the Family Court modified Plaintiff's spousal maintenance obligations for change of circumstances to $15,000 per month for life, secured with a first position UCC-3 recorded with the Arizona's Secretary of State. The Court also confirmed spousal maintenance arrearages in the amount of $481,476.
16. Plaintiff continued his civil rights work as a pro-se litigant in Arizona and California only to encounter a marked hostility resulting in numerous judgments too many to report here.

3

17. In late 2021 Plaintiff became inflicted with Covid 19, was hospitalized, but fortunately made it through.

18. In the Order, ECF 5, the Court states:

   > It is clear Plaintiff receives social security each month. But is not clear what Plaintiff's obligations are, what amount he receives from his settlements, or what Plaintiff means by "permanent insolvency status," and "future receipts".

19. Since the onset of Covid, Plaintiff has been recuperating. Believing that he would not make it through, Plaintiff contacted the main ADA defense counsel and agreed to dismiss all cases. Plaintiff filed no new cases. During the period of April 1, 2021 and April 1, 2022, Plaintiff received $61,536.19 for cases filed prior to that time. This amount is significantly less than the costs associated with non-settled and dismissed cases.

20. Plaintiff's debts are these:

| | |
|---|---|
| Spousal Maintenance Arrearage as of May 2022 | 659,676 |
| Room and Board Arrearages | 249, 848 |
| IRS Lien | 475,663 |
| Various judgments (at least) | 200,000 |
| TOTAL | 1,585,187 |

21. Plaintiff's assets are these:

| | |
|---|---|
| One HP laptop | 350 |
| One cell phone | 150 |
| TOTAL | **500** |

22. Plaintiff's reference to a "permanent insolvency status" is based on current and future receipts from whatever source subject to the following priority of payments:

   a. **First**, spousal maintenance, both current and arrearages, secured by a priority UCC filing. A failure to pay this amount subjects Plaintiff to criminal sanctions.

(Non-payment of spousal maintenance pursuant to a court order is a class 1 misdemeanor if willful and without lawful excuse. A.R.S. §25-511.01)

b. **Second**, current room and board, but not arrearages for same.
c. **Third,** IRS;
d. **Fourth**, recorded judgments.
e. **Fifth,** everyone else.

23. While Plaintiff figures that, absent unforeseen circumstances, he has 10 good years left to commence, continue and run new ventures. Plaintiff intends to repay as much of the spousal maintenance arrearage lien and as much of the IRS lien as possible. Until then, however, he is in a "permanent insolvency status."

I VERIFY that the above is true and correct to the best of my knowledge, ability and memory

RESPECTFULLY SUBMITTED this June 3, 2022.

/Peter Strojnik

5