**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER STROJNIK,<br><br>    Plaintiff,<br><br>    v.<br><br>PANERA BREAD COMPANY,<br><br>    Defendant. | Case No.: 1:22-cv-0682 JLT BAK<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PLAINTIFF TO PAY THE FILING FEE<br><br>(Docs. 3, 5, 6) |

    Peter Strojnik asserts Panera Bread Company violated his accessibility rights arising under the Americans with Disabilities Act, the Unruh Civil Rights Act, and the Disabled Persons Act. (Doc. 1.) Plaintiff seeks to proceed *in forma pauperis* in this action pursuant to 28 U.S.C. § 1915 and completed the Court's long-form application. (Doc. 3 at 1-5.) He supplemented the application with a "Verified Notice of Submission of Long Form IFP (Form AO 239) with Explanatory Notes."[1] (Doc. 3 at 6-10.)

    On June 24, 2022, the magistrate judge issued Findings and Recommendations related to the pending IFP application. (Doc. 5.) The magistrate judge acknowledged Plaintiff reported a monthly retirement income of $1,249.30. (*Id.* at 3-4.) The magistrate judge conducted an extensive review of the information provided in the long form and supplement, and found Plaintiff's "declaration of poverty is egregiously contradicted by internal inconsistencies and judicially noticeable facts…" (*Id.* at 22; *see*

---

[1] The Court notes that while Plaintiff referred to the document as "verified," the information provided in his "explanatory notes" were not made under penalty of perjury. Instead, Plaintiff indicated only that the statements were "true and correct to the best of [his] knowledge, ability and memory." (Doc. 3 at 10.)

*also id.* at 6-19.)  For example, the magistrate judge found inconsistencies between the application and allegations in the complaint including, but not limited to:

> (1) Plaintiff's averment to have zero medical or dental expenses, despite the litany of issues detailed in the complaint setting forth Plaintiff's purported disability and treatments thereto (compare ECF No. 3 at 4 with ECF No. 1 ¶ 2); (2) Plaintiff's averment that he started providing pro bono services to his disabled clients in 2016, whereas he also indicates he charged fees of these same clients, which were donated to charity (see ECF No. 3 at 7); (3) Plaintiff's request in the verified complaint for "costs and expenses and lawyer's fees should Plaintiff hire a lawyer," even though Plaintiff avers in the IFP application that he has not spent, nor will he be spending, "any money for expenses or attorney's fees in conjunction with this lawsuit" (compare ECF No. 1 ¶¶ 29(e), 35(c) with ECF No. 3 at 5); (4) Plaintiff's claim of zero transportation expenses — such as for gasoline to fuel his leased 2019 BMW 530e —despite the fact that Plaintiff lives in Phoenix, Arizona and allegedly "often visits the area where [Defendant Panera Bread Company's stores] are located," i.e., in Bakersfield, Palm Desert, and El Centro, California (compare ECF No. 3 at 4 with ECF No. 1 ¶¶ 8, 12); and (5) Plaintiff's failure to indicate any employment or income (including self-employment) for the past two years, despite his allegation in the complaint that the purpose of his visit to Defendant's stores in California was "to conduct business there," as well as his averment that he received $61,536.19 between April 1, 2021 and April 1, 2022 for his recently-dismissed ADA cases (compare ECF No. 3 at 1–2 with ECF No. 1 ¶¶ 8, 12 and ECF No. 3 at 9).

(Doc. 5 at 7-9, footnotes omitted, modifications in original.)

The magistrate judge noted the Court may also consider the economic priorities of an IFP applicant.  (Doc. 5 at 12 citing, *e.g.*, *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995); *Evans v. Sherman*, 2019 WL 5377040, at *2 (E.D. Cal. Aug. 21, 2019); *Kurz v. Zahn*, 2012 WL 4458128, at *2 (D. Idaho Apr. 13, 2012).  In considering this factor, the magistrate judge noted:

> Plaintiff has chosen to lease a 2019 BMW 530e for $811.70 per month, rather than a more affordable vehicle; and he chooses to continue to live with his ex-wife in a house that a popular real estate website estimates is valued at almost $2.2 million,[] and pay her "room and board" expenses — on top of her monthly alimony payment of $15,000 — in the amount of $7,589.00 per month, even though Plaintiff could certainly rent a more modest abode for a fraction of that cost.

(*Id.* at 13, footnote omitted.)  The magistrate judge found the expenses identified "do not suggest that Plaintiff is living in poverty, but rather suggest an ability to pay the $402 filing fee without sacrificing the necessities of daily life."  (*Id.*)  The magistrate judge also observed Plaintiff "once famously stated that he donated over $1.2 million of his ADA fees to a 501(c)(3) organization for the disabled."  (*Id.* at 14, citation omitted.)  In addition, the magistrate judge noted that "Plaintiff has always paid his own filing fee" in "the thousands of ADA cases Plaintiff initiated across the western United States prior to

2022 (and, in some cases, the subsequent appeals to the Ninth Circuit) . . ." (*Id.* at 18-19.)

Finally, the magistrate judge found Plaintiff's application should also be denied "due to the frivolity of the complaint." (Doc. 5 at 19.) The magistrate judge reviewed the allegations in the complaint and found Plaintiff failed to "allege facts showing how the purported barriers affected him because of his disabilities" or "supporting his conclusion that he was 'deterred' or demonstrating an intent to return." (*Id.*, citing, *e.g.*, *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 n.4, 950 (9th Cir. 2011); *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Trust (CREEC)*, 867 F.3d 1093, 1100 (9th Cir. 2017).) The magistrate judge concluded Plaintiff failed to allege facts sufficient to establish Article III standing and recommended denial of the IFP application on this basis as well. (*Id.* at 21.)

On July 5, 2022, Plaintiff filed objections to the Findings and Recommendations. (Doc. 6.) Plaintiff contends the magistrate judge "was tasked with the simple algebraic job" of determining "whether Plaintiff's monthly social security income of $1,249.30 is sufficient to pay $15,000 in prior court ordered spousal maintenance obligation, plus $7,589.00 for room and board plus $811.70 for a car lease." (*Id.* at 1.) Plaintiff believes the magistrate judge erred in his analysis because he did not simply "conduct this simple task of adding and subtracting," which Plaintiff believes should have "required no more than 18 lines of print." (*Id.*) He contends much of "exuberant" 23-page analysis was "completely disconnected from the absolutism of numbers and figures," with which he suggests the magistrate judge failed to "stay in his assigned lane." (*Id.*) Finally, Plaintiff contends the biographical information was "not only false and defamatory, but also evidentiarily irrelevant and immaterial." (*Id.* 1-2.)

The Court is not required to blindly accept information provided in an IFP applicant and may consider factors such as identified inconsistencies, incomplete information, and economic priorities. *See, e.g., Bridgewater v. Bankson*, 2010 WL 291786 at *9 (N.D. Cal. Jan. 18, 2010) (noting inconsistencies between the plaintiff's reported net income and expenses); *Evans*, 2019 WL 5377040, at *2 (observing "[t]he Court is entitled to consider the economic priority Plaintiff placed on the use of his money" and recommending the IFP application be denied), *adopted* 2019 WL 530911 (E.D. Cal. Oct. 21, 2019); *Albra v. Selene Finance*, 2018 WL 3371137 (D. Nev. May 8, 2018) (noting the plaintiff made "numerous inconsistent statements" and recommending an IFP application be denied),

*adopted*, 2018 WL 3340574, *aff'd* 744 Fed. App'x 386 (9th Cir. 2018) (concluding the district court did not abuse its discretion in denying the IFP application).  In addressing such permissible factors—including inconsistencies, the recent court determination that Plaintiff could afford $15,000 monthly spousal payments, and his economic priorities— the magistrate judge did, in fact, "stay in his assigned lane" while evaluating the pending IFP application.  Contrary to Plaintiff's assertion, the magistrate judge did not exceed the authority vested in the Court to evaluate an IFP applicant's claim of poverty.

Furthermore, Plaintiff did not identify what information he believed to be "false and defamatory," or address any of the findings of the magistrate judge with specificity.  The Court declines to speculate as to what information Plaintiff believed was incorrect in the analysis, particularly where the magistrate judge cited Plaintiff's application to proceed IFP, the supplement, complaint, facts that were subject to judicial notice.  Such general objections to the entirety of Findings and Recommendations are insufficient, and specific objections will not be manufactured on Plaintiff's behalf.  *See* Fed. R. Civ. P. 72(b)(2) (requiring any objections to magistrate judges' findings and recommendations to be "specific"); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object"); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1998) (a district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate judge's report"); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (noting the court "will not manufacture arguments" for parties).

According to 28 U.S.C. § 636 (b)(1)(C) and *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), this Court conducted a *de novo* review.  Having carefully reviewed the matter, including the objections filed by Plaintiff, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated June 24, 2022 (Doc. 5), are **ADOPTED**.
2. Plaintiff's application to proceed in forma pauperis (Doc. 3) is **DENIED**.
3. Plaintiff is ordered to pay the Court's filing fee in full within 30 days from the date of service of this order.

4. **Plaintiff is warned that failure to comply with this order will result in dismissal of the action without prejudice.**

IT IS SO ORDERED.

Dated: __**July 8, 2022**__                      UNITED STATES DISTRICT JUDGE