FILED

JUL 20 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
          DEPUTY CLERK

1  Peter Strojnik
2  7847 North Central Ave.
   Phoenix, Arizona 85020
3  602-524-6602
   ps@strojnik.com
4

5              **UNITED STATES DISTRICT COURT**

6              **EASTERN DISTRICT OF CALIFORNIA**

7

8  Peter Strojnik,                    Case No.: 1:22-cv-00682-JLT-BAK (SAB)

                        Plaintiff,
9                                     **NOTICE OF INABILITY TO PAY**
       vs.                           **FILING FEE WITH CORRECTION**
10                                    **OF RECORD**
   Panera Bread Company
11
                        Defendant.
12

13

14          As indicated in Dkt. at 3, Plaintiff is currently unable to pay the out of pocket

15  filing fee. He has not been able to secure a $402.00 loan. When situation has changed,

16  he will refile against Panera Bread Company. Nonetheless, the following corrections to

17  the record must be noted.

18          In its Order Adopting the Findings and Recommendations, Dkt. at 7, the district

19  court judge accepted Magistrate Boone's denial of Plaintiff's IFP status, noting at 1:24 -

20  2:14:

21          The magistrate judge conducted an extensive review of the information
            provided in the long form and supplement, and found Plaintiff's "declaration
22          of poverty is egregiously contradicted by internal inconsistencies and
            judicially noticeable facts…" (Id. at 22; see also id. at 6-19.) For example,
23          the magistrate judge found inconsistencies between the application and
            allegations in the complaint including, but not limited to:
24

25          (1) Plaintiff's averment to have zero medical or dental expenses,
            despite the litany of issues detailed in the complaint setting forth
26          Plaintiff's purported disability and treatments thereto (compare ECF
            No. 3 at 4 with ECF No. 1 ¶ 2); (2) Plaintiff's averment that he started
27          providing pro bono services to his disabled clients in 2016, whereas
            he also indicates he charged fees of these same clients, which were
28

                                    1

donated to charity (see ECF No. 3 at 7); (3) Plaintiff's request in the verified complaint for "costs and expenses and lawyer's fees should Plaintiff hire a lawyer," even though Plaintiff avers in the IFP application that he has not spent, nor will he be spending, "any money for expenses or attorney's fees in conjunction with this lawsuit" (compare ECF No. 1 ¶¶ 29(e), 35(c) with ECF No. 3 at 5); (4) Plaintiff's claim of zero transportation expenses — such as for gasoline to fuel his leased 2019 BMW 530e —despite the fact that Plaintiff lives in Phoenix, Arizona and allegedly "often visits the area where [Defendant Panera Bread Company's stores] are located," i.e., in Bakersfield, Palm Desert, and El Centro, California (compare ECF No. 3 at 4 with ECF No. 1 ¶¶ 8, 12); and (5) Plaintiff's failure to indicate any employment or income (including self-employment) for the past two years, despite his allegation in the complaint that the purpose of his visit to Defendant's stores in California was "to conduct business there," as well as his averment that he received $61,536.19 between April 1, 2021 and April 1, 2022 for his recently-dismissed ADA cases (compare ECF No. 3 at 1–2 with ECF No. 1 ¶¶ 8, 12 and ECF No. 3 at 9).

## A. The Alleged "Egregious Internal Inconsistencies And Judicially Noticeable Facts" Do Not Exist

**Plaintiff corrects conclusion (1)** by pointing out that he is 70 years old retired individual on Medicare with supplemental insurance. Cost of medical treatment: $0.00.

**Plaintiff corrects conclusion (2)** by reference to "ECF No. 3 at 7" which *actually* states:

> 7. Plaintiff made regular payments to Mrs. Strojnik. In or about 2016, however, Plaintiff decided to commence providing pro bono services to one of three competing categories: Immigration (Plaintiff is an immigrant), Veterans Affairs (Plaintiff is a veteran), or Disability (Plaintiff is disabled).
>
> 8. Plaintiff chose disability because the pro bono immigration and veterans affairs fields were saturated.
>
> 9. In the 2016-2017 period, Plaintiff represented disabled clients and donated all his fees to a 501(c)(3) organization for the disabled.

The alleged "inconsistency" does not exist.

**Plaintiff corrects conclusion (3)** by noting that it is utterly incomprehensible: Plaintiff does not intend to pay lawyers fees because he has no money to pay lawyer's

1  fees, but if he does hire a lawyer on a contingency fee basis or a *pro bono* basis, the

2  Defendant would be responsible for payment of attorney's fees. Hence, prayer for

3  lawyer's fees "should Plaintiff hire a lawyer."

4      **Plaintiff applauds conclusion (4)** containing Magistrate's astute finding that in

5  addition to other monthly expenses, Plaintiff also incurs monthly fuel expenses. This

6  perceptive note is additional proof in favor of IFP designation, and should not be used as

7  proof *against* IFP designation.

8      **Plaintiff corrects conclusion (5)** because item (5), at best, supports the IFP

9  application. The referenced parts of the record are reproduced here and demonstrate the

10  need for IFP designation:

Case 1:22-cv-00682-JLT-BAK  Document 3  Filed 06/06/22  Page 1 of 10

FILED

AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

**UNITED STATES DISTRICT COURT**
for the
Eastern District of California

Peter Strunk
*Plaintiff/Petitioner*
v.
Panera Bread Company
*Defendant/Respondent*

Civil Action No. 1:22cv 00 682 JLT BAK

**APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Long Form)**

**Affidavit in Support of the Application**

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested. I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismissal of my claims.

Signed:                    Date: 06/03/2022

**Instructions**

Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

1.  For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly income amount during the past 12 months | | Income amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 0.00 | $ | $ 0.00 | $ |
| Self-employment | $ 0.00 | $ | $ 0.00 | $ |
| Income from real property (such as rental income) | $ 0.00 | $ | $ 0.00 | $ |
| Interest and dividends | $ 0.00 | $ | $ 0.00 | $ |
| Gifts | $ 0.00 | $ | $ 0.00 | $ |
| Alimony | $ 0.00 | $ | $ | $ |
| Child support | $ 0.00 | $ | $ | $ |

RECEIVED
JUN 06 2022

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case 1:22-cv-00682-JLT-BAK   Document 3   Filed 06/06/22   Page 2 of 10

Page 2 of 5

AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

| | | | | |
|---|---|---|---|---|
| Retirement (such as social security, pensions, annuities, insurance) | $ 1,249.30 | $ | $ 1,249.30 | $ |
| Disability (such as social security, insurance payments) | $ 0.00 | $ | $ 0.00 | $ |
| Unemployment payments | $ 0.00 | $ | $ 0.00 | $ |
| Public-assistance (such as welfare) | $ 0.00 | $ | $ 0.00 | $ |
| Other (specify): | $ 0.00 | $ | $ 0.00 | $ |
| Total monthly income: | $ 1,249.30 | $ 0.00 | $ 1,249.30 | $ 0.00 |

2.    List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| NA | | | $ |
| NA | | | $ |

3.    List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

4.    How much cash do you and your spouse have? $ _____
Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| Chase | Checking | $ 38.48 | $ |
| Navy Federal CU | Checking and Savings | $ 10.00 | $ |
| 1st Hawai'i Bank | Checking | $ 5.24 | $ |

If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

ECF No. 1 ¶¶ 8, 12 state:

8.  Defendant owns public accommodations located at 4108 California Ave, Bakersfield CA 93309 ("Store # 601790"), 34180 Monterey Ave. Palm Desert, CA 92211 ("Store # 601771") and 2321 S. 4th Street, El Centro, CA 92243 ("Store #204877") ("Facilities").

12. Plaintiff visited Stores # 601790 and # 601771 on March 18, 2022 and Store #204877 on April 26, 2022 to conduct business there. Plaintiff often visits the area where the Facilities are located.

4

And the entirety of ECF No. 3 at 9 is here:

17. In late 2021 Plaintiff became inflicted with Covid 19, was hospitalized, but fortunately made it through.

18. In the Order, ECF 5, the Court states:

> It is clear Plaintiff receives social security each month. But is not clear what Plaintiff's obligations are, what amount he receives from his settlements, or what Plaintiff means by "permanent insolvency status," and "future receipts".

19. Since the onset of Covid, Plaintiff has been recuperating. Believing that he would not make it through, Plaintiff contacted the main ADA defense counsel and agreed to dismiss all cases. Plaintiff filed no new cases. During the period of April 1, 2021 and April 1, 2022, Plaintiff received $61,536.19 for cases filed prior to that time. This amount is significantly less than the costs associated with non-settled and dismissed cases.

20. Plaintiff's debts are these:

| | |
|---|---|
| Spousal Maintenance Arrearage as of May 2022 | 659,676 |
| Room and Board Arrearages | 249,848 |
| IRS Lien | 475,663 |
| Various judgments (at least) | 200,000 |
| TOTAL | 1,585,187 |

21. Plaintiff's assets are these:

| | |
|---|---|
| One HP laptop | 350 |
| One cell phone | 150 |
| TOTAL | 500 |

22. Plaintiff's reference to a "permanent insolvency status" is based on current and future receipts from whatever source subject to the following priority of payments:

    a. First, spousal maintenance, both current and arrearages, secured by a priority UCC filing. A failure to pay this amount subjects Plaintiff to criminal sanctions.

5

**B.  Conclusion Regarding Magistrate Boone's False And Defamatory Statements.**

Magistrate Boone's contortion of the record to support his pre-determined conclusion actually supports Plaintiff's IFP status. Magistrate's use of adjectives such as "egregious" are expressions of emotional volatility that have no evidentiary value and should be kept out.

RESPECTFULLY SUBMITTED this July 15, 2022.

Peter Strojnik