# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PANERA BREAD COMPANY,<br><br>　　　　Defendant. | Case No. 1:22-cv-0682 JLT BAK (SAB)<br><br>ORDER DISMISSING THE ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY THE FILING FEE |

Peter Strojnik, proceeding *pro se*, initiated this accessibility litigation pursuant to the Americans with Disabilities Act and state law on June 6, 2022. (Doc. 1.) Plaintiff did not pay the filing fee and instead requested to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 3.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 8, 2022, the Court denied the IFP application and ordered Plaintiff to pay the required filing fee in full within 30 days. (Doc. 7.) Plaintiff was cautioned that "**failure to comply with this order will result in dismissal of the action without prejudice**." (*Id.* at 5, emphasis in original.) The 30-day deadline to pay the filing fee has passed, and Plaintiff did not pay the filing fee. On July 20, 2022, Plaintiff filed a document entitled "Notice of Inability to Pay Filing Fee with Correction of Record," in which Plaintiff confirmed the filing fee will not be

1

paid and expressed his intent to refile the action against Panera Bread Company later.[1] (Doc. 8 at 1.) Because Plaintiff has not paid the filing fee, the action cannot proceed at this time. According, the Court **ORDERS**:

    1.    This action is **DISMISSED** without prejudice for Plaintiff's failure to pay the filing fee for this action.

    2.    The Clerk of the Court is **DIRECTED** to close this case.

IT IS SO ORDERED.

Dated:  **August 16, 2022**

UNITED STATES DISTRICT JUDGE

---

[1] The notice also seeks to "correct the record," purporting to identify the conclusions of the magistrate judge that Plaintiff believes were incorrect. (Doc. 8 at 2-6.) Previously, in addressing Plaintiff's objections to the Findings and Recommendations, the Court observed that "Plaintiff did not identify what information he believed to be 'false and defamatory,' or address any of the findings of the magistrate judge with specificity." (*See* Doc. 7 at 4.) To the extent Plaintiff now attempts to do so, the Court notes these objections to the findings of the magistrate judge are clearly untimely.